IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN M. FRANKLIN, | § | |
| | § | No. 206, 2016 |
| Defendant Below-<br>Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 0304010407C |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: May 6, 2016
Decided: May 23, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 23rd day of May 2016, after careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, the Court concludes that the March 29, 2016 letter order of the Superior Court summarily dismissing the appellant's motion for postconviction relief should be affirmed. The motion was subject to summary dismissal because it was the appellant's fifth motion for postconviction relief following his 2004 convictions, and the appellant failed to plead with particularity the existence of new evidence that created a

strong inference of his actual innocence or a new rule of constitutional law that was retroactively applicable.[1]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] Super. Ct. Crim. R. 61(d)(2), (i)(2) (effective June 4, 2014) (providing that a second or subsequent motion for postconviction relief shall be summarily dismissed unless the movant was convicted after trial and pleads with particularity a claim that the movant is actually innocent or a claim that a new rule of constitutional law is retroactively applicable and renders the conviction invalid).